McDonald, j.
dissents.
|,I respectfully dissent from the statutory interpretation applied by the majority. The clear language of LSA-R.S. 33:4762 A provided at all relevant time periods:'
The notice may be served by registered or certified mail, postage prepaid, addressed to the owner at his last known address. The notice may also be served by the marshal of the municipality or by any sheriff or deputy sheriff or constable having jurisdiction and power to serve legal process where the owner of the building or structure is found in the state of Louisiana, and the officer shall make return of the service as in ordinary cases. [Emphasis added.]
I believe these two methods of possible service are not exclusive of any other service options. The statute indicates the notice may be served in either manner, but does not indicate that these are the only ways to effectuate service or that notice shall be served in one of these ways. I do not believe the legislature intended to prohibit any other methods of service,- but intended to provide that these two would be self proving. -If using certified mail, it does not matter whether the notice was actually received or not. By showing the notice was sent by certified mail, the requirement has been satisfied. Also, by utilizing the marshal, sheriff, or constable, the document marked as the return of service is enough to satisfy service. There is no need in either case to call an official or do anything--further to satisfy the notice requirement.
|2I believe any other form of service is also adequate. However, any 'other method would require proof and might entail various documents or testimony. That is the case here. Mr. Kron acknowledges that the City Attorney handed him a copy of the January 26, 2007 notice when Mr. Kron appeared at the 'City Attorney’s office on February 13, 2007. Thus, there is no question that he received actual notice of the hearing. Mr. Mathison testified to this fact and Mr. Kron does not dispute it.
Thus, I believe the majority’s interpretation of the word “may” as having some mandatory meaning and having the same meaning as “shall” or “only” is misplaced and mistaken. For these reasons I respectfully dissent.